**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**BRETT HEBDON and KAREN HEBDON,**

               **Plaintiffs,**

**v.**                                          **Case No: 6:22-cv-1879-WWB-DCI**

**DIABETES AND ENDOCRINE CENTER OF FLORIDA, P.A. and MAHA ZIKRA,**

               **Defendants.**

---

**ORDER**

This cause comes before the Court for consideration without oral argument on Defendants' Motion to Set Aside Clerk's Default (Doc. 16, Defendants' Motion) and Plaintiffs' Motion for Enlargement of Time to File a Motion for Default Judgment (Doc. 17, Plaintiffs' Motion).

On November 29, 2022, Plaintiffs, proceeding pro se, filed this action against Defendants, their medical provider. Doc. 1. It appears that the Complaint was properly served, and Defendants failed to respond within the time provided. Thus, Plaintiffs moved for and received a Clerk's default. Docs. 10; 11; 12. Plaintiffs then filed a motion for default judgment and, as sometimes happens to lawyers and pro se litigants alike, the Court denied that motion without prejudice because it was legally insufficient. Doc. 14. In that Order, the Court provided some context for what is necessary to secure a default judgment and gave Plaintiffs until January 25, 2023, to re-file their motion. *Id.*

On January 23, 2023, counsel appeared and filed Defendants' Motion. Docs. 15; 16. In sum, Defendants concede that they received service of the Complaint and did not file a response

to the Complaint in this case, though they may have attempted to communicate with Plaintiffs without the assistance of counsel outside of this litigation. Doc. 16. Regardless, Defendants state that they have now retained counsel and are now aware of this action and the default and seek to set aside that default and litigate this case. *Id*. In their Motion, Defendants also concede that they have not yet conferred with Plaintiffs. *Id*.

In the meantime, Plaintiffs mailed to the Court their Motion seeking an extension of the January 25, 2023 deadline to file a renewed motion for default judgment. Doc. 17. Plaintiffs mailed their Motion to the Court on January 20, 2023—prior to Defendants' counsel appearing in the case and filing Defendants' Motion. *Id*. Accordingly, prior to filing Plaintiffs' Motion, they did not confer with Defendants' counsel; but no criticism is intended here, as Defendants' counsel had not appeared in the case prior to Plaintiffs mailing their Motion.

So, we have two Motions, one filed by each side, with no conferral between the parties. Plaintiffs' Motion is due to be granted, but not only for the reasons stated in the Motion. The Court finds that the Motion is well-taken, but also finds that the parties must confer on the issue of default and the continued litigation of this case, and that there is no reason for Plaintiffs to file a renewed motion for default judgment until Defendants' request to set aside default is resolved—if default is set aside, as it often is, then there will be no basis for default judgment. Accordingly, Plaintiffs' obligation to file a renewed motion for default judgment is stayed.

As to Defendants' Motion, it is due to be denied for failure to comply with Local Rule 3.01(g)—the parties must confer in person or via telephone or videoconference prior to filing any request for relief within the purview of Local Rule 3.01(g). Further, any filing in this case must comply with Local Rules 1.08 and 3.01. As the parties confer, they should remember that the standard is whether there is "good cause" to set aside the Clerk's entry of default. "Good cause"

is a liberal standard that varies from situation to situation. *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (citation omitted). Accordingly, courts have considered the following nonexclusive factors in determining whether "good cause" has been shown: 1) whether the default was culpable or willful; 2) whether setting the default aside would prejudice the opposing party; 3) whether the defaulting party presents a meritorious defense; 4) whether there was significant financial loss to the defaulting party; and 5) whether the defaulting party acted promptly to correct the default. *Id.* (citations omitted). "Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default." *Id.* (citation omitted). Finally, the Court generally prefers that cases be resolved on their merits, rather than default judgment. *See Fl. Physician's Ins. Co., Inc. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993) (per curiam) ("[D]efaults are seen with disfavor because of the strong policy of determining cases on their merits.").

Accordingly, it is **ORDERED** that:

1) Defendants' Motion (Doc. 16) is **DENIED without prejudice**; and

2) Plaintiffs' Motion (Doc. 17) is **GRANTED in part** to the extent that Plaintiffs' obligation to file a renewed motion for default judgment is stayed and **DENIED without prejudice** in all other respects.

**ORDERED** in Orlando, Florida on January 24, 2023.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

- 3 -