# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**BRETT HEBDON and KAREN HEBDON,**

      **Plaintiffs,**

**v.**                                                **Case No: 6:22-cv-1879-WWB-DCI**

**DIABETES AND ENDOCRINE CENTER OF FLORIDA, P.A. and MAHA ZIKRA,**

      **Defendants.**

## ORDER

This cause comes before the Court for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **Plaintiffs' Unopposed Motion for an Exemption from PACER's Access Fees (Doc. 19)** |
| **FILED:** | February 1, 2023 |
| **MOTION:** | **Plaintiffs' Unopposed Motion for Access to E-File (Doc. 20)** |
| **FILED:** | February 2, 2023 |

**THEREON** it is **ORDERED** that Plaintiffs' Motion for Exemption (Doc. 19) is **GRANTED in part** and Motion for Access (Doc. 20) is **DENIED without prejudice**.

Plaintiffs, proceeding *pro se* and *in forma pauperis*, initiated this case against Defendants for alleged violations of the Social Security Act, Rehabilitation Act of 1973, Affordable Care Act, the Americans with Disabilities Act, and other federal laws in relation to billing issues, demands for payment, and discrimination associated with medical care. Pending before the Court is

Plaintiffs' Unopposed Motion for Exemption from PACER's Access Fees. Doc. 19 (Motion for Exemption). Plaintiffs contend that pursuant to 28 U.S.C. § 1914(b), PACER fees are considered "additional fees," which can be exempted through court order. *Id*. at 2. Plaintiffs state that they have incurred over $60.00 for research in this case and PACER's charge of 10 cents a page "would operate as a deterrent to justice." *Id*. at 3. Plaintiffs assert that visiting the Clerk of Court to read documents has "larger drawbacks" such as travel and parking costs, limited hours of access, and the cost of respite care. *Id*. Overall, Plaintiffs claim that relief is warranted because it will alleviate an unreasonable burden, will serve the greater good, will be used properly, and will only be needed for the duration of Plaintiffs' case. *Id*. at 5. Plaintiffs specify that duration includes "the end of the immediate case" to the "end of the supreme court case." *Id*. The Motion for Exemption provides that Defendants do not object to the request. *Id*.

Upon due consideration, the Motion for Exemption is due to be granted in part. The Court finds that Plaintiffs' reasons for the request demonstrate that an exemption is appropriate with certain conditions detailed *infra* to include the termination of the exemption. *See Arminana v. Lee Cty.*, 2021 U.S. Dist. LEXIS 89596, at *1 (M.D. Fla. May 11, 2021) (granting the plaintiff's request for an exemption from payment of PACER fees with conditions to avoid unreasonable burden, promote public access to information, and to access judicial opinions.).

Plaintiffs have also filed an Unopposed Motion for Access to E-File. Doc. 20 (Motion for Access). Plaintiffs request that the Court enter an order allowing Plaintiffs to access CM/ECF. Plaintiffs state that they have been filing papers through U.S. mail and allowing them to electronically file will result in "more timely notifications, prevent issues regarding the time and date of filing papers and will create a more equal process in filing pleadings in this matter." *Id*. at

3. While Defendants have not filed a response, Plaintiffs provide that the Motion for Access is unopposed. *Id*.

"A *pro se* litigant . . . is not permitted to file electronically, absent authorization by the Court." *United States District Court Middle District of Florida*, Administrative Procedures for Electronic Filing, at (II)(A)(2) (June 5, 2015). A *pro se* party seeking access to CM/ECF must demonstrate that access thereto is necessary to avoid unreasonable burdens and to promote access to information. *See Ogilvie v. Millsaps*, Case No. 8:15-cv-2477-T-36JSS, 2015 WL 6688343, at *1 (M.D. Fla. Oct. 30, 2015).

Even though expedited delivery may be desirable, Plaintiffs have already filed several documents in a timely and appropriate manner and have sought leave of Court when an extension to comply with a deadline was necessary. Plaintiffs do not point to a single instance in which they were unable to timely file a document with the Court.[1] Also, Plaintiffs may believe that e-filing is more convenient, but there is no persuasive argument that proceeding through the mail is a burden or has resulted in denied access to this litigation.[2] The Court finds that Plaintiffs have not demonstrated that e-filing will promote access to information, which is especially true since it has granted Plaintiffs' request for an exemption of PACER fees with conditions.

---

[1] The Court notes that Plaintiffs' motion for an extension to file a renewed motion for default judgment was mailed before but not docketed until after Defendants filed their motion to set aside Clerk's default. *See* Docs. 16, 17. While these filings "crossed in the mail" so to speak, it appears that an adequate conferral under Local Rule 3.01(g) may have addressed the related filings. *See* Doc. 18. In other words, the Court is not persuaded that any delay due to the time it took to mail Plaintiffs' motion created a burden or otherwise inhibited Plaintiffs from litigating the case.

[2] The Court notes that Plaintiffs already have available to them an electronic method to filing that they may use as an alternative to using the mail. The Court currently allows pro se parties to file using its Pro Se Portal, available on the Internet at www.flmd.uscourts.gov/electronic-document-submission-web-portal .

Based on the foregoing, it is **ORDERED** that:

1. Plaintiffs' Motion for Exemption from PACER's Access Fees (Doc. 19) is **GRANTED in part** as follows:

    a. the exemption is limited to Plaintiffs' access to the electronic records contained in this case—*Hebdon v. Diabetes and Endocrine Center of Fla., P.A., et. al.,* Case No. 6:22-cv-1879-WWB-DCI—and Plaintiffs are cautioned that non-case related use of the exemption will result in the immediate revocation of the exemption;

    b. Plaintiffs may not sell the data obtained as a result of the exemption, and shall not transfer any data from PACER to any person or entity without court authorization;

    c. Plaintiffs' exemption shall terminate upon the entry of a final judgment in this case—*Hebdon v. Diabetes and Endocrine Center of Fla., P.A., et. al.*, Case No. 6:22-cv-1879-WWB-DCI; and

    d. the exemption may be revoked at the Court's discretion.

2. The remainder of the Motion for Exemption (Doc. 19) is **DENIED**.

3. Plaintiffs' Motion for Access to E-File (Doc. 20) is **DENIED without prejudice**.

**ORDERED** in Orlando, Florida on February 23, 2023.

Copies furnished to:

Counsel of Record
Unrepresented Parties

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE