UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRETT HEBDON and KAREN
HEBDON,

        Plaintiffs,

v.                                                     Case No: 6:22-cv-1879-WWB-DCI

DIABETES AND ENDOCRINE
CENTER OF FLORIDA, P.A. and
MAHA ZIKRA,

        Defendants.

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Motion to Set Aside Clerk Default (Doc. 26)** |
| **FILED:** | **March 3, 2023** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

On November 29, 2022, Plaintiffs, proceeding *pro se*, filed this action against Defendants, their medical provider. Doc. 1. It appears that the Complaint was properly served, and Defendants failed to respond within the time provided. Thus, Plaintiffs moved for and received a Clerk's default. Docs. 10, 11, 12. By Order dated January 9, 2023, the Court denied without prejudice Plaintiffs' motion for default judgment as legally insufficient. Doc. 14. On January 23, 2023, counsel appeared for Defendants and filed a motion to set aside clerk's default. Doc. 15, 16. Defendants conceded that they received service of the Complaint and did not file a response to the

Complaint in this case, though they may have attempted to communicate with Plaintiffs without the assistance of counsel outside of this litigation. Doc. 16. Defendants then retained counsel and moved to set aside the default to litigate the case. *Id*. In that motion, Defendants conceded that they had not yet conferred with Plaintiffs. *Id*. While Defendants' request to set aside the default was pending, Plaintiffs mailed to the Court a motion seeking an extension of time to file a renewed motion for default judgment. Doc. 17. The motion was mailed prior to Defendants' counsel's appearance and, therefore, Plaintiffs did not confer with Defendants' counsel. *See id*.

Based on the foregoing, the Court found that the parties must confer on the issue of default and denied without prejudice Defendants' motion to set aside the Clerk's default and stayed Plaintiffs' obligation to file a renewed motion for default judgment. Doc. 18. The Court then struck Defendants' amended motion to set aside default for failure to comply with the formatting requirements of Local Rule 1.08 or Judge Berger's Standing Order. Doc. 25.

Pending before the Court is Defendants' Third Amended Motion to Set Aside Clerk's Default. Doc. 26 (the Motion). Plaintiffs have filed a Response in Opposition. Doc. 27 (the Response). A court "may set aside an entry of default for good cause." Fed.R.Civ.P. 55(c). "Good cause is a liberal standard that varies from situation to situation. *Compania Interamericana Expert-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (citation omitted). Accordingly, courts have considered the following nonexclusive factors in determining whether "good cause"" has been shown: 1) whether the default was culpable or willful; 2) whether setting the default aside would prejudice the opposing party; 3) whether the defaulting party presents a meritorious defense; 4) whether there was significant financial loss to the defaulting party; and 5) whether the defaulting party acted promptly to correct the default. *Id.* (citations omitted). "Whatever factors are employed, the imperative is that they be regarded

simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default." *Id*. (citation omitted).  However, if a "party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief." *Id*. at 951-52 (citation omitted).

Here, the default is due to be set aside for several reasons.  First, contrary to Plaintiffs' assertions, there is no evidence that Defendants willfully defaulted.  Plaintiffs provide that Defendant Dr. Zikra "did not consult with an attorney because the Complaint was for an insignificant amount to her and her medical business" and "was indifferent to the fact that she was prohibited from billing more than Medicare amount paid to her. . .." Doc. 27 at 10.  Plaintiff's statements, however, are speculative and do not demonstrate that Defendants' default was culpable.

While admittedly mistaken that a letter to Plaintiffs in response to the Complaint was sufficient under the Federal Rules of Civil Procedure, Defendants did not ignore the pleadings and instead attempted to contact Plaintiffs to resolve the dispute.  Defendants explain that Defendant Dr. Zikra was merely unfamiliar with court proceedings and did not disregard the rules of the Court.  Doc. 26 at 2.  Defendants attach to the Motion purported correspondence directed to Plaintiffs regarding a potential refund along with a receipt from the United States Postal Service. Doc. 26-1, 26-2.  Defendants also attach a purported letter dated December 3, 2022, directed to the Court regarding Plaintiffs' motion for leave to file an amended complaint and Plaintiffs' contention that Defendants did not respond to the Complaint.  Doc. 26-2.  The Court finds that Defendants' actions were not willful nor sufficiently culpable to preclude setting aside the default.

Second, there is no evidence that Plaintiffs would be prejudiced if default is set aside. *See Lake James Assocs., Inc. v. Summit Techs., L.L.C.*, 2006 WL 2789144, at *2 (M.D. Fla. Sept.

26, 2006) (explaining that establishing prejudice is showing more than "[m]ere delay," but "that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion."). There is no suggestion that any of these concerns are implicated in this case.

Third, Defendants have sufficiently demonstrated that they may have a meritorious defense to Plaintiffs' claims. As an initial matter, Defendants contend that Plaintiffs suffered no damages because Defendants have refunded the $25.94 at issue. Doc. 26 at 9. The Amended Complaint, however, seeks $2,800.00 in addition to the $25.94 Plaintiffs initially sought in the original Complaint. Doc. 9. Accordingly, Defendants' apparent assertion that Plaintiffs suffered no injury or that the relief is moot does not convince the Court that the defense is meritorious.

Even so, Defendants also assert that Plaintiffs do not have a private cause of action under the Social Security Act. Defendants claim that there is no authority that allows beneficiaries to seek redress for billing complaints in federal court. Doc. 26 at 9. To the extent Plaintiffs argue that Defendants' defense is insufficient, "it is enough for [a defendant] to show a 'hint of a suggestion that he [has] a meritorious defense' to set aside a judgment." *Brewer-Garrett Co. v. Endurance Assur. Corp.*, 2022 WL 2209678, at *3 (M.D. Fla. June 21, 2022) (quoting *Moldwood Corp. v. Stutts*, 410 F.2d 351, 352 (5th Cir. 1969); *Fid. & Deposit Co. of Md. v. Jernagan*, 1987 WL 49657, a t*3 (N.D. Fla. July 5, 1987) ("Mere allegations of a meritorious defense can be substantial enough to constitute good cause.")); *see also Retina-X Studios, LLC v. ADVAA, LLC*, 2014 U.S. Dist. LEXIS 128674 (M.D. Fla. Aug. 21, 2014) ("Thus, whether a defense is meritorious does not depend on its likelihood of success") (citing *United Coin Meter Co. v. Seaboard Coastline*

*R.R.*, 705 F.2d 839, 845 (6th Cir. 1983)). Defendants' challenge to Plaintiffs' cause of action is adequate for purposes of establishing good cause pursuant to Rule 55(c).[1]

Fourth, even though time passed after service while Defendants attempted to correspond directly with Plaintiffs, the Court finds that Defendants promptly moved to correct the issue. The Clerk entered default on December 16, 2022, and once Defendants retained counsel on January 18, 2023, counsel investigated the matter and moved to set aside the default on January 23, 2023. Doc. 26 at 3. The Court is persuaded that Defendants did not delay in seeking to vacate the default.

Finally, even though the Motion does not address Defendants' financial loss, the Court finds that the default should be set aside because the other factors weigh in favor of granting the requested relief. Additionally, the Court generally prefers that cases be resolved on their merits, rather than default judgment. *See Fl. Physician's Ins. Co., Inc., v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993) (per curiam) ("[D]efaults are seen with disfavor because of the strong policy of determining cases on their merits.") (citation omitted). The Court finds that any prejudice to Plaintiffs due to Defendants' delay is outweighed by the strong policy of determining cases on their merits.

Thus, for these reasons, the Court finds that Defendants have demonstrated good cause to set aside the default and the Motion is due to be granted.

Accordingly, it is **ORDERED** that:

1. the Motion (Doc. 26) is **GRANTED**;

---

[1] The Court notes that in response to Defendants' private cause of action defense, Plaintiffs state "[i]f Defendants would prefer to have Plaintiffs pursue defendants unlawful billing under a Qui Tam action, pursuant to the False Claims Act, Defendants [sic] are not averse to amending their Complaint with the Court's permission to include financial fraud against the Federal Government." Doc. 27 at 12. There is no motion for leave to amend pending before the Court and Plaintiffs' proposed amendment is not a proper challenge to a defense related to the operative pleading.

2. the Clerk is directed to **VACATE** the default entered against Defendants (Doc. 12); and

3. **on or before April 6, 2023**, Defendants shall file a response to the Amended Complaint.

**ORDERED** in Orlando, Florida on March 24, 2023.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties